CASE 35—INJUNCTION—JANUARY 14.

# Trustees of Common School District No. 50 v. Young.

105 299
c110 504

### APPEAL FROM NICHOLAS CIRCUIT COURT.

SCHOOL DISTRICTS—INCLUDING FARM IN DISTRICT OF ANOTHER COUNTY.—No right exists under the law to include a farm lying in one county in a school district of an adjoining county except by the joint action of the school commissioners of both counties pursuant to chapter 18, article 6, section 3 of the General Statutes. In the absence of such action the fact that a farm was so included by the commissioner of one of the counties created no right, and its continuance did not amount to a prescriptive one; and such farm is properly subject to the burdens imposed upon the district laid off by the commissioner of the county within which it lies.

J. I. WILLIAMSON FOR APPELLANTS.     (B. H. ROBINSON OF COUNSEL.)

The burden of showing that appellee was within District 28 of Bourbon county, was upon him, and the evidence fails to show that he was within that district. In order to be included within a district outside of the county of his residence, there must have been joint action by the commissioners of the two counties under paragraph 4, article 6, chapter 18 of. the General Statutes, and this action was not had. Abney v. Bell, Superior Court Decision, Dec. 16, 1885.

HANSON KENNEDY FOR APPELLEE.

The record shows that appellee was within the McGinnis District in Bourbon county prior to 1878, and he was regularly and legally embraced in District 28 at the time of its formation in the year 1878. Ky. Stat., sec. 4430; Gen. Stat., chap. 18, art. 6, secs. 3, 4; Abney v. Bell, Superior Court Decision, Dec. 16, 1885.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellee, Young, owns and lives upon a farm situated in Nicholas county, on Hinkston creek, and at that point the creek is the line between Bourbon and Nicholas counties. It appears from parol testimony, in 1878, that, without the concurrent action of the common school commissioners of the counties named, and without the consent of the commissioner of Nicholas county, the appellee's farm was, by the trustees of common school district No. 28, in Bourbon county, attempted to be put in that district. In 1883, or shortly thereafter, Myall, the common school commissioner of Bourbon county, failing to find any boundaries of common school districts on his records, changed and defined the boundaries of the districts of his county, with the view of making them a matter of record. In fixing the boundary of district No. 28, he omitted to include the farm of the appellee. Previous to that time, to-wit, 1882, the common school commissioner of Nicholas county laid off a district in that county, known as "No. 50," which embraced the residence and farm of appellee. Until then it seems that appellee's farm had never been included in any district in Nicholas county.

No one can acquire the right to remain in a common school district by prescription. Under section 3, article 6, c. 18 Gen. Stat. (Ed. 1873), it is made the duty of the common school commissioner to keep a book in his office for the purpose, and subject to public inspection, and describe each district in his county by number and boundary. The common school commissioner was charged with the duty of describing the districts of the county by number and boundary, and his will is to control the matter as to the district to which certain territory is to be

assigned. The trustees of a common school district in Bourbon county, even with the consent of the common school commissioner of that county, could not do any act which would, "in the judgment of the law," place the farm of the appellee in Nicholas county in a district in Bourbon county. Where the division line of two adjoining counties intersects a neighborhood whose convenience requires it, the commissioners of the counties may make a district composed of parts of both counties. It can not be done otherwise than by joint official action. The right to do this is regulated by section 4, article 6, c. 16, Gen. Stat. (Ed. 1873), which reads as follows: "The commissioners of two adjoining counties, where the division line intersects a neighborhood whose convenience requires it, may lay off a district composed of parts of both counties. Such district shall be reported, together with its census of pupil children, only as belonging to the county in which the school-house of the same may be situated, by the commissioner of said county; and he shall make report and draw for the whole district, as though it lay entirely within his county." Since the common school commissioner of Nicholas county made district No. 50, the appellee's farm has been part of that district, and he is bound to pay his legitimate part of the expenses of it. The judgment is reversed, with directions that the petition be dismissed.