## PERRY S. ROBERTSON v. ELLIS COUNTY.

### Decided January 28, 1905.

**1.—Officer—Court Stenographer—Term of Office.**

A court stenographer, appointed by a district judge under the Act of the Twenty-eighth Legislature (1903), for the purpose of taking down testimony, etc., although designated in the Act as an "officer," is not an officer within the meaning of section 30, article 16, of the Constitution, which provides that "the duration of all offices not fixed by this Constitution shall never exceed two years,"

since such stenographer's duties are clerical and subject to approval, and he is invested with no sovereign function of government, and hence such Act is not unconstitutional in providing that he may hold his office at the discretion of the district judge.

### 2.—County not Liable for Fees of, When.

Under the Act of the Twenty-eighth Legislature a county, forming part of a judicial district composed of several counties, is not liable for the pay of a court stenographer beyond the amount of the fund made up of the court stenographer fees ($3 in each case) which are taxed and collected as costs in cases in the District Court of such county.

Appeal from the County Court of Ellis. Tried below before Hon. Lee Hawkins.

*L. D. Stroud, M. H. Gossett, Templeton & Harding* and *Skinner & Supple,* for appellant.—When the stenographer's fees, taxed and collected as other costs in civil cases, were paid into the general fund of the county, they at once lost their identity as such fees, and the provision in section 9 of the Act of 1903, providing for appointment and remuneration of stenographers in districts other than those named in the body of said Act—that in such districts the stenographer should be paid his per diem out of the fees collected for that purpose—is either directory or entirely nugatory. Endlich on Interpretation of Statutes, sec. 186, and cases cited; Lehigh Co. v. Meyer, 102 Pa. St., 479; 26 Am. & Eng. Ency. Law (2d ed.), pp. 616, 649, 679.

*Lancaster & Love,* for appellee.—The Constitution of this State having provided "that the duration of all offices not fixed by this Constitution shall never exceed two years," and the Stenographer's Act, providing that the official stenographer shall hold his office at the pleasure of the district judge who appoints him, the Act is violative of the Constitution, and is therefore void. Kimbrough v. Barnett, 93 Texas, 301; State v. Catlin, 84 Texas, 52; Hendricks v. State, 49 S. W. Rep., 715.

2. Section 9 of said Act, which is the section thereof creating the office of stenographer in districts composed of more than one county, fixes the maximum compensation of the stenographer at $5 per day, to be paid out of the fees collected for that purpose, thereby makes said office a fee office, and, when all the fees collected for the stenographer are paid him by the county, the county is not liable to him for any further amount.

TALBOT, ASSOCIATE JUSTICE.—Appellant, Robertson, instituted this suit originally in the Justice's Court, against appellee, Ellis County, to recover a balance of $157, alleged to be due him for services rendered as official stenographer of the District Court of said county. He obtained judgment in the Justice's Court for the amount sued for, and appellee appealed the cause to the County Court of said county, where it was tried de novo without a jury, resulting in a judgment that appellant take nothing and appellee recover its costs. From this judgment appellant has prosecuted an appeal to this court.

There is no controversy as to the pleadings, and the case comes to us on an agreed statement of facts, from which it appears that appellant

was duly appointed court stenographer for the Fortieth Judicial District of Texas, a district composed of more than one county, Ellis County being in and a part of said district; that he was in attendance upon the District Court of said county, at its February term, 1904, and performed the duties of court stenographer for fifty-three days. That appellant duly filed with the Commissioners' Court of Ellis County monthly statements of his account as such stenographer, the correctness of which was duly certified by the district judge of said district, and was in all respects in due conformity to law. That appellant's accounts for the fifty-three days' service aggregated the sum of $265; that appellee allowed and paid him thereon the sum of $108, and rejected the claim for the balance—$157—to recover which this suit was brought.

Appellant's contention is, that he is entitled to five dollars per day for each and every day he was in attendance upon the District Court of Ellis County, Texas, as such court stenographer, said sum to be paid him monthly out of the general fund of Ellis County, upon the order of the Commissioners' Court of said county; that the court erred in failing to hold that, when the stenographer's fees, taxed as costs in civil cases, were paid to the county treasurer, as provided by law, they at once became an inseparable part of the general fund of said county, and that said fund was chargeable with the full amount due appellant as court stenographer. It is agreed that, if his construction of the statute is correct, and the same constitutional, appellant is entitled to judgment against appellee for the sum of $157 and all costs of suit.

On the other hand, appellee contends: First.—That the act passed by the Twenty-eighth Legislature, providing for the appointment of official stenographers in the District Courts of this State, by the judges thereof, is violative of section 30, article 16 of the Constitution of this State, for the reason that said section of the Constitution provides "that the duration of all offices not fixed by this Constitution shall never exceed two years," and said Act provides that stenographers appointed under its provisions shall hold their office at the pleasure of the court appointing them, which may be for a longer time than two years. Second.—That Ellis County is situated in and forms a part of a judicial district composed of more than one county, and that in such district the statute authorizes the payment of $5 per day to a stenographer for his services in a county in such district, only so far as the sum raised by the $3 required to be taxed by the provisions of the Act in question, in each civil case, will provide a fund sufficient for that purpose, and that the general fund of the county shall not be looked to for payment thereof. Third.—That, as it has already paid to appellant the sum of $108, the full aggregate amount raised by the taxing of the said $3 in each civil case in Ellis County, it has no funds out of which it is authorized to pay said balance of $157, and hence is not liable therefor.

The first question to be disposed of is whether or not the Act under consideration is unconstitutional for the above-stated reasons urged by appellee. This depends, in our opinion, upon the further question, whether the position of stenographer created by said Act is an office within the meaning of the word "office," as used in said section 30, article 16, of the Constitution, which reads: "The duration of all offices not fixed by this Constitution shall never exceed two years." The defi-

nition of the term "office," as given by Mr. Mechem, in his work on Public Officers, is quoted with approval by our Supreme Court in the case of Kimbrough v. Barnett (93 Texas, 301), and is as follows: "A public office is the right, authority and duty created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public." The Act authorizing the appointment of official stenographers provides for their appointment by the judges of the District Courts, and declares that they shall be sworn officers of the court, and shall hold their offices during the pleasure of the court; and further declares that the purpose of such appointment is to preserve the record in all cases for the information of the court, jury and parties, and to that end "it shall be the duty of the official stenographer to attend all sessions of the court; to take full stenographic notes of the oral evidence in every case tried in said court, together with all objections to the admissibility of testimony, the rulings of the court thereon, and all exceptions to such rulings; to preserve all official notes taken in said court for future use or reference, and to furnish to any person a transcript of all or any part of said evidence, or other proceedings, upon the payment to him of the compensation," etc.

Does the Act confer upon the stenographer any sovereign function of government? We think not. There is quite a material difference between a public office and a public employment. As said by Chief Justice Marshall, "Although an office is an employment, it does not follow that every employment is an office." Mr. Mechem, in his work on Public Officers, says: "The most important characteristic which distinguishes an office from an employment or contract is that the creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of government to be exercised by him for the benefit of the public; that some portion of the sovereignty of the country, either legislative, executive or judicial, attaches for the time being, to be exercised for the public benefit. Unless the powers conferred are of this nature the individual is not a public officer." Now, while the fact that the position of stenographer is designated in the Act providing for its creation as an office—coupled with the declaration that the person who may be called to perform its duties "shall be a sworn officer of the court"—affords some reason for determining it to be such, still it is believed the place possesses none of those sovereign functions of the judicial department of the government to which it relates, to distinguish it from a mere employment to perform a species of service, under public authority, for the assistance and convenience of the court and parties litigant therein, in which no judicial discretion or judgment is involved. The creation of the position, as shown by the very terms of the Act, was designed for no other purpose than to provide some one by whom the oral evidence offered, and other proceedings involving objections made to admissibility of testimony, the ruling of the court and exceptions thereto, might be taken in shorthand, as a method of preserving those matters as they occurred, without delaying trials, to be afterwards transcribed and furnished the court and parties to the suit to aid them in an accurate and prompt preparation of the record. The re-

port or transcript of the proceedings by the stenographer is not binding, however, upon the court, and may be adopted or rejected at his discretion. No act which he is authorized to do is independent of the control ot others, or vested in him as a supreme power to be exercised as a right or prerogative of a judicial office. We conclude that, while the position of a stenographer, under the statute in this State, may be in a sense an office, and the terms thereof may continue for a longer period than two years, yet there is no such sovereign function of government embraced in the powers conferred upon the individual performing its duties as brings it within the meaning of the word "office," as used in the section of the Constitution quoted.

The second question for our determination involves a construction of the legislative Act under consideration, and particularly section 9 thereof. Appellant's assignments of error relate to this phase of the case, and the substance thereof finds expression in the foregoing statement of his contention, and need not be further stated.

All of the sections of the Act, except section 9, relate primarily to judicial districts composed of only one county or less, and provide that a stenographer shall be appointed in such district, and his compensation fixed at $5 per day for each day he is in attendance upon the court, to be paid monthly out of the general fund of the county, upon the judge's certificate verifying its correctness. For the purpose of enlarging the general fund, with a view of better enabling the county to pay such claims out of it, section 5 provides that the clerk of the court shall tax as costs, in each civil case then pending, or which may thereafter be filed, except suits for the collection of delinquent taxes, a stenographer's fee of three dollars, which shall be paid as other costs, and, when collected, paid by the clerk into the general fund of the county. In section 9 of the Act is found the only authority for the appointment of a stenographer in judicial districts composed of more than one county, and such appointment is purely discretionary with the judge of such district. If, in his judgment, such appointment is necessary, it may be made, and said section 9 provides, in the event it is made, that "thereafter, in every civil case filed in the District Courts of said judicial district, there shall be taxed and collected the stenographer's fee, as provided for in section 5 of this Act, and the stenographer so appointed shall receive the compensation hereinbefore provided out of the fees collected for that purpose by the counties composing such judicial district, each county to be liable only for services as are rendered by the stenographer for the District Court of the county sought to be charged." Thus, it will be seen, we think, that the provisions of the Act relating to the appointment of and providing for the compensation of stenographers in the respective districts mentioned, are essentially different, and can not be made to harmonize and apply upon the theory and in the manner contended by appellant. There seems to be but little or no room for construction. The language employed very clearly expresses the legislative purpose and intent of the passage of the law, and plainly states, in each case therein provided for, the fund out of which the stenographer's fees shall be paid, and resort need not be had to those rules governing in the construction of statutory enactments, where the words are not explicit and the intention discernible from its provisions. The amount of the com-

pensation provided in each case is the same, but the fund out of which it is paid is different. In judicial districts composed of one county or less it is plainly said that the compensation shall be paid out of the *general fund* of the county, and as a means of increasing that fund simply to assist it in meeting the new demand which will be made upon it by the appointment of a stenographer, a fee in all civil cases then pending, or thereafter filed, shall be taxed as costs, collected, and paid into that fund. In such case the identity of the stenographer's fee so paid into the general fund is lost, and such fund becomes charged with the payment of the total amount of the stenographer's per diem when his accounts therefor are made out and presented in the manner required by the Act. On the other hand, in districts composed of more than one county, the language is equally clear and unambiguous in providing that, in the event a stenographer is appointed in such district, there shall be taxed and collected the stenographer's fee, as provided for in section 5 of the Act, and such stenographer shall receive the compensation allowed him *out of the fees collected for that purpose* by the counties composing such district. The language used is that, "in the event of such appointment, the terms of this Act shall apply, and thereafter, in every civil case filed in the District Court of said judicial district, there shall be taxed and collected the stenographer's fee, as provided for in section 5 of this Act, and the stenographer so appointed shall receive the compensation *hereinbefore* provided out of the fees collected for that purpose," etc. The phrase "shall receive the compensation hereinbefore provided" refers to, and means, the amount of the per diem specified in section 4, and not as provided therein. Said section can not be looked to for the purpose of ascertaining the manner in which, or fund out of which, such compensation shall be paid. That is unequivocally provided for in section 9, and is expressly limited to the fund raised by the three-dollar fee taxed and collected in civil cases, which is so taxed and collected, and is clearly manifest from the language of said section, for that specific purpose. Had it been the intention of the Legislature to authorize the payment of the stenographer's compensation in districts composed of more than one county out of the general fund of the county, and it was desired to economize in the use of the language to express such intention by referring to former provisions of the Act for such authority, we think they would have said: "And the stenographer so appointed shall receive the compensation hereinbefore provided and out of the fund mentioned."

We do not think the language, "each county to be liable only for such services as are rendered by the stenographer for the District Court of the county sought to be charged," which is found in the concluding part of section 9, militates against the views expressed, or seriously affects the question. The clause was evidently added to make it clear that the three-dollar fee, taxed and collected in civil cases in one county of the judicial district, should not be drawn upon or used in paying the stenographer's per diem for attendance upon the court in another county, and should not be construed as expressive of the legislative intent to make the county liable for the full amount of the stenographer's account, regardless of the amount collected as stenographer's fees. The entire amount collected as stenographer's fees under the provisions of section

9, of the Act in question, having been exhausted by the sum paid appellant, the proper judgment was rendered by the court, and it is therefore affirmed.

*Affirmed.*