MARFA INDEPENDENT SCHOOL DISTRICT V. S. T. WOOD, ET AL.

No. 7534. Decided June 26, 1940.
(141 S. W., 2d Series, 590.)

*Mead & Metcalfe,* of Marfa, and *John D. McCall* and *Millard Parkhurst,* both of Dallas, for plaintiff in error.

The Legislature having initial power to authorize County Boards to change and alter boundaries of school districts at the time of the passage of the original act, and having the same power at the time of the passage of the validating act, the validating act, being general law, was effective to validate all acts of the Presidio County Board taken under the former act, even though it may have been unconstitutional. Brownfield v. Tongate, 109 S. W. (2d) 352; Desdemona Ind. Sch. Dist. v. Howard, 34 S. W. (2d) 840; State Line Ind. Sch. Dist. v. Farwell Ind. Sch. Dist., 48 S. W. (2d) 616; Brown v. Truscott Sch. Dist., 34 S. W. (2d) 837; Prosper Ind. Sch. Dist. v. County School Trustees, 58 S. W. (2d) 5.

*E. B. O'Quinn,* of Marfa, and *C. W. Croom,* of Houston, for defendants in error.

The Constitution having prescribed the method by which school districts were to be formed, changed, etc., that is by a general law passed by the Legislature, and the Legislature having passed a general law which was still in effect and unrepealed when the validating act here involved became effective, the Legislature was powerless to prescribe any other method to accomplish the same purpose and therefore the said validating act was retroactive and void, and could not impair and destroy the property rights vested in the land owners by said general law. School Trustees of Young County v. Bullock Common Sch. Dist., 55 S. W. (2d) 538; Mesquite Ind. Sch. Dist. v. Gross, 123 Texas 49, 67 S. W. (2d) 242.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was instituted in the District Court of Presidio County by Marfa Independent School District as plaintiff against S. T. Wood et al as defendants. The parties will be designated as in the trial court. The suit was brought by the district to recover taxes for the years 1934, 1935 and 1936. However, the taxes for the year 1936 alone are involved here. Judgment for the taxes for that year was rendered in favor of the plaintiff by the district court. This judgment was reversed and rendered by the Court of Civil Appeals. 123 S. W. (2d) 429. The Court of Civil Appeals in reversing the cause gave as its reason therefor that Article 2742c of Vernon's Annotated Texas Civil Statutes was unconstitutional and void because, as held by it, same was a special law, such as was forbidden by Article 3, section 56, of the State Constitution.

The Court further held that the action of the County Board of Trustees in adding to the Marfa Independent School District the lands of defendants, as was done on December 12, 1933, was not validated by the Act of the Legislature shown as Article 2815g-8 of Vernon's Annotated Texas Civil Statutes. Writ of error was granted by the Supreme Court because the court was of the opinion that said Act was sufficient to validate the prior actions of the County Board of Trustees, if void.

The trial court filed elaborate findings of fact. Long prior to December 12, 1933, the Marfa Independent School District was a duly and legally constituted district, acting and functioning as such, having been incorporated under the general laws of the State of Texas. On December 12, 1933, the County Board of Trustees of Presidio County annexed to said district certain territory, which included the lands of defendants. The findings of fact do not specifically show all of the steps that were taken in annexing this territory to the district, but there are findings to the effect that the law was substantially complied with in doing so. In view of the opinion we take of the matter, this becomes of no material consequence.

There are other findings to the effect that beginning with December 12, 1933, the Marfa Independent School District assumed corporate powers over the territory annexed to said district on said date, including the lands of defendants, that it continued to exercise such authority and control continuously and without interruption from said date until after the levying of the taxes for the year 1936; that the district continued to so function, exercising corporate authority over said district, including the added territory, from said date and was so doing at the time of the trial, levying and collecting taxes, managing and directing the school affairs in said added terri-

tory, employing teachers therefor, furnishing supplies thereto, and directing the management thereof, enumerating regularly each year in its district the scholastics, paying teachers for schools in said added territory from the State per capita, and for maintenance taxes on the entire district, during all of which time it was acting under the supervision of the County Superintendent of Presidio County and the State Superintendent of Public Instruction of the State of Texas.

■ For the purposes of this discussion we shall assume (without deciding) that the Act of the Legislature designated as Article 2742c was a special Act and was unconstitutional and void. We are of the opinion that even though said Act was void, as held by the Court of Civil Appeals, nevertheless the general Act of the Legislature, being Acts of 1935, 44th Leg., First Called Session, Chapter 380, and shown as Article 2815g-8, was sufficient to validate and make legal all acts of the County Board of Trustees in the adding of defendants' lands to said independent school district, and levying and assessing the taxes for the year 1936. It will be noted that said Act purports to validate all school districts which theretofore had been irregularly or improperly organized. In this instance it is not necessary that the Act of 1935 he considered as one validating the district, as the Marfa Independent School District had been legally organized for a number of years prior to 1933. All that was necessary was the validation of the acts of the County Board of Trustees in adding and annexing the lands of defendants to said independent school district. Said Act, among other things, provided as follows:

"All acts of the county boards of trustees of any and all counties in rearranging, changing or subdividing such school districts or increasing or decreasing the area thereof, in any school district of any kind, or in creating new districts out of parts of existing districts or otherwise, are hereby in all things validated."

■ The Court of Civil Appeals assumed that the County Board of Trustees acted under Article 2742c when adding said territory to said district. This is probably true, although there are no findings of the trial court to that effect. As we view the case it becomes immaterial. The question is whether or not the County Board of Trustees had *power*, under any Act of the Legislature, to increase the district or add said lands to same. If it be assumed that Article 2742c was void, then Article 2742f, being Acts of 1929, as amended by Acts of 1931, 42nd

Legislature, p. 235, Chapter 140, was in full force and effect as to this district. Although it may be true that the County Board of Trustees did not follow each of the particular steps provided for by said Article 2742f, nevertheless said article did confer upon the Board *power* to add this territory to the district, and it requires no argument to show that if they had the power, and there was merely an irregular and improper use of same, the Legislature could validate their acts. In 37 Texas Jur., page 899, it is said:

"Curative acts have been held effective to validate the creation of school districts embraced within the terms thereof even though the procedure by which such districts were formed was so irregular as to render the same void, and though the authorizing statute was unconstitutional."

See State Line Consolidated School District No. 6 v. Farwell Independent School District, 48 S. W. (2d) 616; Pyote Independent School District v. Dyer, 34 S. W. (2d) 578.

Apparently these cases hold that a special act creating an independent school district in violation of the Constitution may be validated by a subsequent general act of the Legislature. As pointed out above, however, we have in this instance only the acts of the County Board of Trustees involved, and although same may have been irregularly performed, nevertheless power existed with the County Board of Trustees to do what was done, and undoubtedly the Act in question, being a general Act, was sufficient to fully and completely validate said actions.

The fact that Article 2742f was amended in 1935, certainly did not take away from the Legislature the power to validate acts of the County Board of Trustees done in pursuance of said Act, or by virtue of power given by said Act, in 1933.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court June 26, 1940.

Motion for rehearing dismissed August 30, 1940.