

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
~~WILKERSON~~
ATTORNEY GENERAL

Honorable R. Canon
County Auditor
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. 0-7519
Re: Applicability of Article 373,
    Penal Code, to consulting engineer
    employed by Commissioners' Court
    under authority of Section 15,
    Chapter 52, Special Laws of Texas,
    36th Legislature.

Your letter of November 20, 1946, to this department
states in part as follows:

"At present Grayson County is employing a
County Engineer at a salary of $2,970.00 per annum.
This same employee operates a road construction
organization, which organization has been doing
road construction for the County. As Engineer of
the County, this employee recommends types of sur-
facing, directs and approves the purchase of sup-
plies and materials for such projects, and gives
final approval of the completed construction; and
as an owner of the construction concern contract-
ing the job, directs the activities of the con-
struction.

"The undersigned questions the legality of such
joint activities and requests your opinion on the
following questions:

"Question #1.

"Is the County Engineer considered 'a county
officer' as referred to in Article 373 of the Penal
Code of the State of Texas.

"Question #2.

"Can the County Auditor approve payment of monies
for road construction to an unincorporated firm, when
one of the owners of the firm is receiving a salary

as County Engineer of the obligated County, and is concurrently directing the activities of the firm."

In reply to our request for additional facts, your letter of December 9, 1946, states:

"1.  From the Minutes of the Commissioners' Court of this County it appears that the County Engineer is employed under the authority of H.B. 387.

"2.  He is not holding the Office of 'Superintendent of Roads and Bridges'.

"3.  He is not required to take an oath of office nor to post a bond.

"The County Judge states that he, the County Engineer, is in reality holding the position of Consulting Engineer."

House Bill 387 is found on page 160 of the Special Laws of Texas, 36th Legislature, 1919, and is entitled "Creating a More Efficient Road System for Grayson County." Section 15 of this Act, referring to the Commissioners' Court, provides:

"Said Court may employ a consulting engineer when in its judgment it may be necessary at such salary and for such length of time as it may deem it proper."

Article 373, Penal Code of Texas provides:

"If any officer of any county, of any city or town, shall become in any manner pecuniarily interested in any contracts made by such county, city or town, through its agents, or otherwise, for the construction or repair of any bridge, road, street, alley or house, or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything made for or on account of such county, city or town, or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than Fifty ($50.00) nor more than Five Hundred ($500.00) Dollars."

There is a material difference between a public office

and a public employment. The relationship of the office hold-
er and the government under which he functions is not that of
an employer and employee. Further, their rights are not deter-
mined by the ordinary rules of contracts.

In the case of Robertson vs. Ellis County, 84 S.W.
1097, the Court used the following quotation attributed to
Chief Justice Marshall:

"Although an office is an employment, it does
not follow that every employment is an office."

The distinctions applied are that in the creation and
conferring of an office, there is a delegation of some of the
sovereign functions of the government be exercised by him for
the benefit of the public; an office is created by law, while
an employment may be created by contract; officers are usually
required to take an oath; serve for a definite term; and the
duties are generally continuing and permanent rather than
temporary and transitory. Garrett vs. Commissioners' Court
of Limestone, 230 S.W. 1010, reversed on other grounds 236 S.W.
970, rehearing denied 238 S.W. 894; Lightfoot vs. Lane, 140
S.W. 89.

Public office is generally considered to be one which
is elected by the popular vote of the citizens, or appointed
as provided by statute, and incident to such appointment is
the right to retain such office for a specified term except
as provided for in the statutes for removing public officials
generally.

Here the statute uses the term "employ a consulting
engineer", therefore, inferring that said consulting engineer
is an employee or agent of the county and not a public officer
as such. Further, under the provision that a public office
should be permanent and continuing, the statute provides "when
in its judgment it may be necessary", thereby indicating that
an office is not created, but merely an employment by the Com-
missioners' Court whenever it deems it necessary and for what-
ever length of time said Commissioners' Court may deem proper.
It is noted that nowhere in the said Act is such officer men-
tioned, and in particular no specific duties are prescribed
in connection with such employment.

Therefore, it is our opinion that the said engineer is
not a county officer within the meaning of Article 373, Penal
Code of Texas.

We are not passing on the validity of such activities
nor legality of such contracts. However, as an agent of the

county, your engineer would be governed by the general rules of agency. For a discussion of these rules see 2 Texas Jurisprudence 592, Sections 181 et seq. and 2 American Jurisprudence 203, Sections 251 et seq.

As to the application of these rules to your particular fact situation, we suggest that you consult your County Attorney.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/William B. Henley, Jr.
William B. Henley, Jr.
Assistant

WBH:djm:wc


APPROVED DEC 17, 1946
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman