### TOM GREEN COUNTY et al. v. PROFFITT et al.

No. 9574.

Court of Civil Appeals of Texas. Austin.

July 24, 1946.

W. A. Johnson, County Atty., Tom Green County, of San Angelo, for appellants.

Robert G. Hughes, of San Angelo, for appellees.

McCLENDON, Chief Justice.

This case involves the constitutionality of the 1945 amendment to Art. 2326, Vernon's Ann.Civ.St., H.B. 555, Ch. 291, p. 460, Gen. Laws Reg.Ses. 49th Leg. H.B. 555 provides for annual salaries, payable monthly, of official court reporters of each district court, civil or criminal, and of each county court at law, civil or criminal, at not less than $2,400 nor more than $3,750, to be fixed and apportioned among the affected counties by the respective judges of those courts; but exempts from the provisions of the act counties having a population of not less than 220,000 nor more than 390,000. The specific question presented is whether this exemption, which applies only to Bexar and Tarrant counties, renders the act in effect a local or special law, and if so whether therefore prohibited by those provisions of Art. III, Sec. 56, Texas Constitution, Vernon's Ann.St. reading:

"Sec. 56. The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, * *.

"Regulating the affairs of counties * *.

"Creating offices, or prescribing the powers and duties of officers, in counties * *."

The respective district judges of the 51st and 119th judicial districts fixed the annual salaries of their court reporters and apportioned the monthly amount thereof payable by Tom Green and other counties in their districts. The Tom Green County officials declined to issue warrants for these amounts, on the ground that the act was unconstitutional for the above stated reason. This suit was thereupon brought by Proffitt and Haun, official court reporters respectively for the 51st and 119th judicial districts, against the county officials ('County Judge, County Auditor and County Treasurer) of Tom Green County, for writs of mandamus to compel the issuance of such warrants. The suit was also brought as a class suit in behalf of some 115 court reporters situated similarly to plaintiffs. The trial was to the court upon agreed stipulation, and the judgment awarded the mandamus writs as prayed. It also provided that it should inure to the benefit of other court reporters situated similarly to plaintiffs. The stated officials have appealed.

Appellants' brief consists of an opinion (undated but numbered 0—6846) of the Attorney General's Department, addressed to the District Attorney of Dallas County, holding the act unconstitutional upon the above stated ground. The opinion cites the following cases in support of this view: Ft. Worth v. Bobbitt, 121 Tex. 14, 36 S.W. 2d 470, 41 S.W.2d 228; Womack v. Carson, 123 Tex. 260, 65 S.W.2d 485, 70 S.W.2d 416; Bexar County v. Tynan, 128 Tex. 223, 97 S.W.2d 467; Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000; Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084; Randolph v. State, 117 Tex. Cr.R. 80, 36 S.W.2d 484; Smith v. State, 120 Tex.Cr.R. 431, 49 S.W.2d 739; Fritter v. West, Tex.Civ.App., 65 S.W.2d 414, error refused; State v. Hall, Tex.Civ.App., 76 S.W.2d 880, error dismissed; Wood v. Marfa Independent School Dist., Tex.Civ. App., 123 S.W.2d 429, reversed on other grounds 135 Tex. 223, 141 S.W.2d 590; Jameson v. Smith, Tex.Civ.App., 161 S.W. 2d 520.

It may be conceded that under the holdings in these cases H.B. 555 falls within the classification of a local or special law, and would be invalid if it is governed by the quoted provisions of Const. Art. III, Sec. 56. That it is not so governed we think is clear for the following reasons:

■ 1. An official court reporter or stenographer is not a public officer within the meaning of the Constitution; he is "not required to take the oath of office prescribed by the Constitution for all officers"; "he [is] simply and plainly an employé of the state." Lightfoot v. Lane, 104 Tex. 447, 140 S.W. 89, 90; Robertson v. Ellis County, 38 Tex.Civ.App. 146, 84 S.W. 1097. On June 19, 1945, the Attorney General's Department delivered a very able opinion on this point (No. 0—6491). It was addressed to the Assistant County Attorney of Coleman County and held that an official court reporter is not "a civil officer of emolument," within the meaning of Const. Art. XVI, Sec. 40, Vernon's Ann.St., which provides that "no person shall hold or exercise, at the same time, more than one civil office of emolument," and therefore "an official court reporter can legally qualify and act as city attorney at one and the same time." Robertson v. Ellis County, above, was cited and quoted from in extenso. Quite a number of authorities from other states as well as standard texts were also cited; among the former, also extensively quoted from, was the case of State of Montana v. Hawkins, 79 Mont. 506, 257 P. 411, 53 A.L.R. 583, referred to as "perhaps the most exhaustive and comprehensive review of the authorities on the question of civil officers." We concur in the holding in that opinion.

■ 2. Whether H.B. 555 is properly classified as a local or special law is not important, since it is not governed by Const. Art. III, Sec. 56, but by Art. V, Sec. 1, Vernon's Ann.St., the pertinent portions of which read:

"The judicial power of this State shall be vested in one Supreme Court, in Courts of Civil Appeals, * * * in District Courts, * * * in Courts of Justices of the Peace, and in such other courts as may be provided by law.

*     *     *     *     *     *

"The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof * * *."

■ This provision has been construed as authorizing local or special laws affecting the functioning of the different courts throughout the state:

Harris County v. Crooker, Tex.Civ.App., 224 S.W. 792, affirmed 112 Tex. 450, 248 S.W. 652, upheld a statute, special in character, which fixed the salary of the district attorney of the Criminal District Court of Harris County.

Garvey v. Matthews, Tex.Civ.App., 79 S.W.2d 335, 336, error refused, upheld an act, special in character, reducing the salary of the judge of the County Court at Law No. 2 of Bexar County, citing Harris County v. Crooker, above. The holding in this regard was that "the power of the Legislature (by special law) to fix the salary of the judge of this county court at law is an incident to the power to create the court."

Jones v. Anderson, Tex.Civ.App., 189 S.W.2d 65, error refused, upheld a special law abolishing the office of county attorney of Bexar County for a like reason.

In so far as H. B. 555 relates to district court reporters it deals with state employees. In so far as it relates to reporters of county courts at law it provides as an incident for the functioning of courts which the Legislature creates under express authority of Art. V, Sec. 1.

It is not necessary to resort to legislative construction (numerous instances of which are cited in appellees' brief) nor to the confusion that would be created by holding H. B. 555 invalid on the ground urged, which confusion is pointed out in an opinion (copied in appellees' brief) of able counsel addressed to the official court reporters of the District Courts of Travis County.

We hold H.B. 555 valid as against the urged ground of invalidity, and affirm the trial court's judgment.