

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN, TEXAS

October 10, 1949

Hon. Elton Gilliland
County Attorney
Howard County
Big Spring, Texas

Dear Mr. Gilliland:

Opinion No. V-927

Re: Several questions con-
cerning the organiza-
tion of the 118th
Judicial District.

   Your request relating to House Bill No. 379,
Acts of the 51st Legislature, 1949, which provides for
the creation of the 118th Judicial District Court of
Texas composed of Howard, Martin, and Glasscock Counties,
presents the following questions:

   1. When does the 118th Judicial District commence
to function?

   2. When will the officers of the 118th Judicial
District commence to function?

   3. How much can the District Judge pay his Court
Reporter?

   Subsequently you ask:

   4. May an indictment presented in the 70th Judicial
District be made the subject of a trial in the 118th Ju-
dicial District?

   5. Will the appointive District Judge have to be
"reappointed" before he can take office?

   House Bill No. 379 provides in part:

   "Sec. 6. The 118th Judicial District of Texas
is hereby created and shall be composed of the Counties
of Howard, Glasscock and Martin. Said District Court
shall be known as the 118th Judicial District.

   "Sec. 7. The terms of said 118th Judicial
Court shall be as follows:

   "In the County of Howard on the fourth Monday
of August, the fourth Monday in October, and fourth

Monday in January, and the fourth Monday in June.

"In the County of Glasscock on the first Monday in September and on the first Monday in February.

"In the County of Martin on the first Monday in October and the first Monday in January and the first Monday in June.

"Each term of Court in each of such Counties may continue until the date herein fixed for the beginning of the next succeeding term therein.

"Sec. 8.  Immediately upon the effective date of this Act the Governor shall appoint a suitable person having the qualifications provided by the Constitution and laws of Texas for District Judge, as Judge of the 118th Judicial Court.  He shall hold office as such Judge until the next general election. . . .

"Sec. 9.  Immediately upon the passage of this law the Governor shall appoint a suitable person having all the qualifications provided by the Constitution and laws of Texas for District Attorney as District Attorney of the 118th District Court. . .

"Sec. 12.  As soon as the Judge of the 118th Judicial District is appointed and qualified he shall proceed to select a Court Reporter of the 118th Judicial District who shall be paid the same salary as the Court Reporter of the 70th Judicial District is now paid and shall be paid out of the proper funds in keeping with the existing laws.

"Sec. 13. All processes issued or served before this Act takes effect, including recognizances and bonds returnable to the District Court of any of the Counties of the 70th Judicial District, shall be considered as returnable to said Court in accordance with the terms as prescribed in this Act, and all such processes are hereby legalized and all Grand and Petit Juries drawn and selected under existing laws in any of the Counties of said district shall be considered lawfully drawn and selected for the next term of the District Court of their respective Counties, after this Act takes effect, providing that if any Court in any County of said district shall be in session at the time that this Act takes effect, such Court or Courts affected hereby shall continue in session until the term thereof has expired under the provisions

of the existing laws, but thereafter the Court in such County or Counties shall conform to the requirements of this Act."

Section 39 of Article III, Constitution of Texas provides:

"No law passed by the Legislature . . . shall take effect or go into force until ninety days after the adjournment of the session at which it was enacted, unless in case of an emergency, which emergency must be expressed in a preamble or in the body of the act, the Legislature shall by a vote of two thirds of all the members elected to each House, otherwise direct; said vote to be taken by yeas and nays and entered upon the journals."

House Bill No.379 passed the House on May 5, 1949, by 133 yeas and 0 nays. It was passed by the Senate on May 26, 1949, by 16 yeas and 5 nays. The Bill was approved by the Governor on June 17, 1949. The 51st Legislature adjourned July 6, 1949. It became effective October 5, 1949, ninety days after the adjournment of the Legislature, having failed to receive a favorable vote of two-thirds of all the members elected (31) to the Senate. Halbert v. San Saba Springs Bond and Live Stock Ass'n., 89 Tex.230, 34 S.W.639 (1896); Union Assurance Society v. Equitable Trust Co., 122 Tex.293, 58 S.W.2d 58 (1933); Caples v. Cole, 129 Tex.370, 102 S.W.2d 173 (1937); 39 Tex.Jur. 49-52, Statutes, Secs. 25, 26.

Relative to your question No. 2 it is our opinion that the officers of the 118th Judicial District Court will commence to function immediately upon October 5, 1949. The Court, which was created by House Bill 379 and which came into existence on October 5th, will proceed with the business of the 70th Judicial District as the same relates to Howard, Martin, and Glasscock Counties. However, section 13 of House Bill 379 provides that if any court shall be in session at the time this Act takes effect, such Court shall continue in session until the term thereof has expired. The construction placed upon this language by this office is that if any term of Court is in session in the District in any of the three counties referred to upon October 5, 1949, it shall continue in session until the expiration of the terms pursuant to Article 199-70, V.C.S. Article 199-70

provides for a term of court to begin in Howard County on September 5, 1949; in Glasscock County on July 18, 1949; and in Martin County on July 4, 1949, such terms of court to continue in session until the Saturday night immediately preceding the Monday for convening the next regular terms of court in the respective counties. This being true, when the 118th Judicial District came into existence on October 5th, such terms of court shall continue until they have expired at the times provided for in Article 199-70. It would be incumbent upon the newly appointed District Judge of the 118th Judicial District to sit in the courts in session in the counties of Howard, Martin and Glasscock after October 5th until the expiration of the terms thereof.

You have raised no question as to the constitutionality of the statutes on court terms in question, and we express no opinion thereon.

Passing to your question No. 3 it is our opinion that the Court Reporter for the 118th Judicial District must be paid the same salary as the Court Reporter receives in the 70th Judicial District upon the effective date of House Bill 379.

You state that it is your belief that the Court Reporter should be paid in accordance with the general statute relating to Court Reporters. Generally speaking this is true. But in this instance the standard set for the salary of the Court Reporter is included in a special bill creating a District Court. The courts have held that a Court Reporter's salary may be set by a special law within the meaning of Article V, Section 1 of the Texas Constitution. Tom Green County v. Profitt, 195 S.W.2d 845, (Tex.Civ.App.1946).

Question No. 4 is answered by the opinion of the court rendered in the case of Peddy v. State, 49 S.W. 2d 745 (Tex.Crim.1932), wherein the court stated:

"It is suggested that no order of transfer of this case from the fourth to the 123rd District is shown. No such transfer was necessary. The indictment was returned by a Grand Jury of Shelby County and to the District Court of that County. It still remained in that Court when tried. The Act of the Legislature

changed the number of the Judicial District and the times of holding court, but in no way disturbed the lodgment of the case in the District Court of Shelby County."

Also, see Lemons v. State, 128 S.W.416 (Tex.Crim.1910).

The newly appointed District Judge of the 118th Judicial District may try a defendant upon an indictment which was presented in the 70th Judicial District in the particular counties affected while such counties were a part of said District.

Your question No. 5 relates to the necessity of reappointing the District Judge for the 118th Judicial District after the effective date of House Bill 379. It is our opinion that the newly appointed District Judge for the 118th Judicial District does not need another appointment from the Governor or another confirmation by the Senate.

In the case of State ex rel. Eberle v. Clark, 89 Atl.172 (Conn.Sup.1913), the court said:

"It was suggested upon the argument that at the time the relator was appointed the respondent's term had not expired and so no vacancy existed in the office. While the appointment was dated the 24th of June, it recites that the appointment is to fill a vacancy to occur on the 1st of July by the expiration on that day of the term of office of the respondent, Clark. The appointment anticipates the event but is not to become effective until the vacancy occurs. The appointing authority was not bound to wait until the vacancy actually existed before designating his appointee. Expediency and convenience required that the appointment should be so made that when the respondent's term ended the successor might be qualified and prepared to take the office and enter upon its duties at once. While it is well settled that an officer or appointing body clothed with authority to appoint to a public office cannot, in the

absence of express authority, make a valid appointment thereto for a term which is not to begin until after the expiration of the term of such appointing officer or body (citing cases) it is equally well established that such officer or appointing body may make a prospective appointment to fill a vacancy which is sure to occur in a public office within the time during which the appointing officer or body, as then constituted, will have authority to fill the vacancy . . . As the vacancy in question was sure to occur during the Governor's term of office, he might, in the manner which he adopted, properly make the appointment, in anticipation of the event."

In the case of State ex rel. Child v. O'Leary, 66 N.W.264 (Minn.Sup.1896), the court stated:

". . . It is the general rule that a prospective appointment to fill a vacancy sure to occur in a public office, made by an officer, who, or a body which, as then constituted, is empowered to fill a vacancy when it arises, is, in the absence of a law forbidding it, a valid appointment, and vests title to the office in the appointee."

## SUMMARY

The 118th Judicial District of Texas created by House Bill No.379, Acts 51st Legislature, 1949, came into existence on October 5, 1949, having failed to secure the necessary two-thirds vote of all the members elected to the Senate.

The terms of court previously commenced while Howard, Martin, and Glasscock Counties were a part of the 70th Judicial District will be continued until the expiration of their terms. The newly appointed District Judge of the 118th Judicial District may sit in all cases heard during these continuous terms.

The Court Reporter for the 118th Judicial District will receive the same rate

of pay as the Reporter of the 70th Judicial District received on the effective date of the Act.

Although House Bill 379 did not go into effect as an emergency measure and the District Judge for the 118th Judicial District was appointed and confirmed before the effective date of the Act, there is no necessity for a reappointment in order for said Judge to qualify for office.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BW:bh:mw

By *Burnell Waldrep*
Burnell Waldrep
Assistant

APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL