

# THE ATTORNEY GENERAL
# OF TEXAS

JOHN L. HILL
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 29, 1973

The Honorable Joe D. Carter, Chairman
Texas Water Rights Commission
P. O. Box 13207
Austin, Texas 78711

Opinion No. H-165

Re: The constitutionality
of legislation setting
a four-year term of
office for the Red River
Compact Commissioner

Dear Mr. Carter:

You have asked whether House Bill 1567 of the 63rd Legislature (Laws 1973, ch. 656, p. 1782), setting the term of office of the Red River Compact Commissioner, is constitutional. Section 2 of that Act would amend § 45.002 of the Water Code, V. T. C. S., to read:

> "The commissioner first appointed under this Act holds office until February 1, 1975 and until his successor is appointed and qualified. Thereafter, the commissioner or his successor holds office for successive terms of four years from February 1, 1975."

Article 16, § 30, of the Texas Constitution provides that "[t]he duration of all offices not fixed by this Constitution shall never exceed two years. . . ." Section 30a of Article 16 permits certain exceptions not applicable here.

The Red River Compact Commissioner is appointed by the Governor, with the advice and consent of the Senate:

> "to represent this state in conferences with duly appointed compact commissioners of other affected states and a United States representative appointed by the president, to negotiate a compact with each of the affected states respecting the use, control, and disposition of the water of the Red River and its tributaries." (§ 45.001, Water Code, V. T. C. S., as amended by House Bill 1567, supra)

The Honorable Joe D. Carter, page 2 (H-165)

He does not have the authority to bind the state as:

> "[a]ny agreement which may be entered into between
> the commissioner on behalf of this state and the
> compact commissioners of the other affected states
> and the representative of the United States shall be
> reduced to writing and submitted to the governor of
> this State. No such agreement has any binding effect
> upon this state or its legal representatives until it
> has been ratified by the legislature of this state and
> approved by the governor, ratified by the legislatures
> of the other affected states, and consented to by the
> Congress of the United States." (§ 45.007, Water Code,
> V. T. C. S.)

We believe the Red River Compact Commissioner holds an office
within the purview of Article 16, § 30, of the Texas Constitution. See
generally Attorney General Letter Advisory No. 63 (1973). Although he
cannot bind the state to an agreement, he is the statutorily created exclu-
sive conduit by which the state may negotiate a compact respecting the
use, control and disposition of the water of the Red River and its tributaries.
As such we are of the opinion that he exercises a portion of the sovereignty
of the state.

An additional reason, although not in itself determinative, for finding
that the commissioner occupies an office under Article 16, § 30, of the
Constitution is the Legislature's reference to his term of office, (§45.002, Water
Code, V. T. C. S., as amended by H. B. 1567, supra), and to the requirement
that he take the constitutional oath of office (§45.003, Water Code, V. T. C. S.).
See, Robertson v. Ellis County, 84 S. W. 1097 (Tex. Civ. App., 1905, no writ).

A memorandum submitted by your office suggested the possible relevancy
of Attorney General Opinion M-814 (1971). We agree with the author of that
memorandum that the reasoning of Attorney General Opinion M-814 is inappli-
cable to the present question. That opinion was based on a surrender of state
sovereignty through ratification of a compact. Here there has been no ratifi-
cation. As Attorney General Opinion M-814 is clearly inapplicable to the Red

River Compact Commissioner, we need not consider the validity of the reasoning on which it is based.

It is therefore our opinion that the Red River Compact Commissioner is limited by the Constitution to a term of two years. The constitutional invalidity of the provision of the bill setting the commissioner's term of office at four years does not affect the remainder of the statute. Acts 1973, 63rd Leg., ch. 45, p. 69.

You have also asked whether House Bill 1567 may be considered as "passed" as required by item 14 on page III-156 of the General Appropriations Act for fiscal years 1974 and 1975 which set the commissioner's salary at $12,000 but provided that "[s]uch salary rate is made contingent upon passage of House Bill No. 1567." Section 3 of House Bill 1567 amended § 45.004, Water Code, V. T. C. S., which had established the commissioner's salary as $6,600 per year. Under House Bill 1567 the commissioner's salary is to be determined by the Legislature in the appropriation bill. Our decision regarding § 2 of the bill affects neither the passage of the bill nor the validity of § 3. Accordingly, it is our opinion that the requirement set out in the appropriations bill has been met and that the commissioner may receive a salary of $12,000 per year.

SUMMARY

Legislation providing a four-year term of office for the Red River Compact Commissioner is unconstitutional; however, the remainder of the statute is not affected by the invalidity of the section establishing the longer term, and the legislation may be considered "passed" where other legislation is contingent upon that fact.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee