

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
iston, TX. 77002-3111
.../223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

August 20, 1986

Honorable Bob Bush
Chairman
Committee on Judiciary
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-535

Re: Whether the legislature may authorize a particular municipality to impose additional court costs on convictions

Dear Representative Bush:

As chairman of the House of Representatives' Committee on Judiciary you ask:

> May the legislature, without violating the
> state or federal constitution, authorize a
> particular city to impose an additional court cost
> on a conviction in municipal court?

We assume that you refer to legislation which would apply to one particular municipality. You do not indicate which provisions of the state or federal constitution concern you.

Your question implicates one provision of the Texas Constitution in particular. Article III, section 56, of the Texas Constitution states that "[t]he Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law" on certain enumerated subjects. These subjects include "[r]egulating the affairs of . . . cities. . . ." Accordingly, we must determine whether the proposed act is a "local or special law" and whether it falls within a constitutional exception from section 56.

The proposed legislation relates not just to the affairs of a particular city but to the city's municipal courts. The Texas Constitution contains an exception to section 56 for the creation of certain courts and for the prescription of their jurisdiction and organization. See Tex. Const. art. V, §§1, 7, 22; Tom Green County v. Proffitt, 195 S.W.2d 845 (Tex. Civ. App. – Austin 1946, no writ). The court in Tom Green County upheld an act which dealt with salaries for official court reporters but which exempted the courts in counties falling within a certain population bracket. The court held that the act was not controlled by article III, section 56, because the act

fell within article V, section 1, as a law affecting the organization of the courts.  195 S.W.2d at 847.

Nevertheless, we believe that the instant case extends beyond the creation, jurisdiction, and organization of the courts.  You ask whether the legislature may grant a certain power to a particular city -- the power to impose additional court costs on municipal court convictions.  The court in In re Johnson, 554 S.W.2d 775 (Tex. Civ. App. - Corpus Christi 1977), per curiam, case 1 writ ref'd n.r.e.; case 2 writ dism'd per curiam, 569 S.W.2d 882 (Tex. 1978), applied article III, section 56, to a statute which authorized court reporters to set their own fees, subject to the approval of the court.  Although this statute applied to an aspect of the functioning of the courts, the court struck down the provision under article III, section 56:

> Since the article is subject to unequal applica-
> tion to litigants due to the fact that the fee
> charged is subject to each individual court
> reporter's fee scale and the individual determina-
> tion by each trial judge of what is a reasonable
> amount, the article is in violation of Art. III,
> §56 of the Texas Constitution.

554 S.W.2d at 785.  Accordingly, we do not believe that the constitutional judiciary exceptions would save the proposed legislation.

Moreover, the proposed legislation would apply to only one city.  Article III, section 56, does not prohibit all classifications which treat cities differently.  For example, Texas courts have upheld a number of population bracket laws.  See, e.g., Jones v. Alexander, 59 S.W.2d 1080 (Tex. Comm'n App. 1933).  The vital test is whether the classification is reasonably related to the differences in circumstances that necessitate the classification.  Applying article III, section 56, the court in Morris v. City of San Antonio, 572 S.W.2d 831, 833-34 (Tex. Civ. App. - Austin 1978, no writ) stated:

> Not only must a classification be broad enough
> to include a substantial class based on character-
> istics legitimately distinguishing that class from
> others, but the legislation must be intended to
> apply uniformly to all municipalities that may in
> the future come within the classification desig-
> nated.  Miller v. El Paso County, 136 Tex. 370,
> 150 S.W.2d 1000 (1941).  In a case decided ten
> years earlier than Miller the Supreme Court held a
> statute invalid as a local or special law and
> said, '. . . the act is so constructed that it is
> absolutely impossible for any other city in the
> state to ever be included within the terms or

under the provisions of the act.' <u>City of Fort
Worth v. Bobbitt</u>, 121 Tex. 14, 36 S.W.2d 470, 471
(1931).

Your question involves a law which would, by its terms, apply to only one city.

Consequently, we conclude that article III, section 56, prohibits the Texas Legislature from enacting legislation which grants a particular city the authority to impose additional "court costs" on convictions in municipal courts. We make no comment on whether such a cost is correctly characterized as a court cost rather than as a fine. We note that this type of legislation may also implicate equal protection issues under the Fourteenth Amendment to the United States Constitution. Further, the Texas Code of Criminal Procedure contains various provisions which govern generally the fixing and collection of costs and fines in justice and corporation courts. <u>See</u> Tex. Code Crim. Proc. arts. 45.01 - 45.54.

## S U M M A R Y

Article III, section 56, of the Texas Constitution prohibits the Texas Legislature from enacting legislation granting a particular city the authority to impose additional "court costs" on convictions in municipal courts.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General