

# THE ATTORNEY GENERAL
# OF TEXAS

**JIM MATTOX**
**ATTORNEY GENERAL**

August 8, 1989

Honorable Galen Ray Sumrow
Criminal District Attorney
Rockwall County Courthouse
Rockwall, Texas   75087

Opinion No. JM-1083

Re: Whether an individual may
be employed as a chief deputy
for a county tax assessor-
collector and as an official
court reporter for a county
court  (RQ-1690)

Dear Mr. Sumrow:

You state that the person employed by Rockwall County as the county tax assessor-collector's chief deputy was formerly the official court reporter for the Rockwall County Court. She would like to know whether it would be legally possible for her to hold both positions.

We will first consider whether article XVI, section 40 of the Texas Constitution would prohibit one person from holding both positions. This provision states in part:

> No person shall hold or exercise at the same time, more than one civil office of emolument . . . .

Tex. Const. art. XVI, § 40.

The following statute provides for the employment of a court reporter:

> Each judge of a court of record shall appoint an official court reporter. An official court reporter is a sworn officer of the court and holds office at the pleasure of the court.

Gov't Code § 52.041. A county court is a court of record and is therefore subject to this provision. See Tex. Const. art. V, § 15.

A court reporter is not an officer within article XVI, section 30, of the Texas Constitution, which provides that the "duration of all offices not fixed by this Constitution shall never exceed two years . . . ." In Robertson v. Ellis County, 84 S.W. 1097 (Tex. Civ. App. 1904, no writ), the court held that an official stenographer appointed by the district court did not hold an office within this constitutional provision. Although the statute described the position of stenographer as an office and declared that the stenographer "shall be a sworn officer of the court," it did not confer on that person any sovereign functions of the judicial department of the government. 84 S.W. at 1099.

Other Texas courts have concluded that an official court reporter is not an officer within various other provisions. See Lightfoot v. Lane, 140 S.W. 89, 90 (Tex. 1911) (stenographer for Court of Civil Appeals was employee, not officer); Harris County v. Hunt, 388 S.W.2d 459, 467 (Tex. Civ. App. - Houston 1965, no writ) (court reporter was not an officer within article XVI, section 61, of the Texas Constitution requiring officers to pay fees into county treasury); Tom Green County v. Proffitt, 195 S.W.2d 845, 847 (Tex. Civ. App. - Austin 1946, no writ) (official court reporter is not a "public officer" within article III, section 56, prohibition against local laws creating offices). Finally, this office has concluded that a court reporter is not a civil officer of emolument within article XVI, section 40, of the constitution. Attorney General Opinion O-6491 (1945).[1] A court reporter for a county court is not a civil officer of emolument.

A deputy appointed by a county tax assessor-collector to assist him in his duties is an employee, and not a civil officer of emolument. See Green v. Stewart, 516 S.W.2d 133 (Tex. 1974); Local Gov't Code ch. 151 (appointment of employees by county officer). Accordingly, article XVI, section 40, of the Texas Constitution does not prevent one person from holding both positions.

The common law doctrine of incompatibility does not bar one person from holding two public employments. See

---

1. The court in Tom Green County v. Proffitt, 195 S.W.2d 845 (Tex. Civ. App. - Austin 1946, no writ) described Attorney General Opinion O-6491 as "a very able opinion" on the court reporter's status as an employee.

generally Attorney General Opinion JM-1047 (1989). The dual employment you inquire about is accordingly not prohibited by this doctrine.

You argue, based on Attorney General Opinion O-5070 (1943), that the position of an official court reporter is a full-time position, and that the judge may not appoint a part-time court reporter. Attorney General Opinion O-5070 determined that a district judge could not appoint the official court reporter to work part-time and be paid on a per diem basis. The official court reporter's yearly salary was set by statute and no statute authorized him to work part-time and receive a lesser amount.

Attorney General Opinion O-5070 is not dispositive of this matter. It relied on statutes that have since been amended or repealed. See V.T.C.S. art. 2327a (1929, repealed 1947) (setting salary of court reporter). Moreover, it dealt only with the court reporter of a district court and not the court reporter of a county court.

Section 52.046 of the Government Code, which states the powers and duties of an official court reporter, provides in part:

> (a) On request, an official court reporter shall:
>
> (1) attend all sessions of the court;
>
> (2) take full shorthand notes of oral testimony offered before the court . . . . ;
>
> (3) take full shorthand notes of closing arguments if requested to do so by the attorney of a party to the case . . . . ;
>
> (4) preserve the notes for future reference for three years . . . ;
>
> (5) furnish a transcript of the reported evidence or other proceedings . . . .
>
> . . . .
>
> (d) A judge of a county court or county court at law shall appoint a certified shorthand reporter to report the oral testimony

> given in any contested probate matter in that judge's court. (Emphasis added.)

Gov't Code § 52.046.

The position of court reporter is described in terms of the duties to be performed, not of the number of hours of service required each week. The number of hours required to perform the job will depend upon the number of sessions the court reporter is requested to attend, record, and reduce to a written transcript and is likely to reflect the workload of the court with which the reporter is associated. No provision fixes a salary for a county court reporter that must be paid without regard to the amount of time required to perform the duties of the position. Instead, the commissioners court sets the salary of the court reporter in accordance with chapter 152, subchapter B of the Local Government Code, formerly article 3912k, V.T.C.S. Attorney General Opinion MW-487 (1982). The commissioners court may set a salary commensurate with the number of hours worked. See Local Gov't Code § 152.012 (salary may not be set at an amount less than the salary in effect on January 1, 1972).

We find no provision that expressly or impliedly requires the court reporter for the county court to serve as and be paid as a full-time employee, no matter how little work the job actually requires. See generally Attorney General Opinions JM-163 (1984) (secretary of Rockwall County criminal district attorney is not barred from serving from time to time as court reporter for Rockwall County Court); MW-415 (1981) (service by one person as deputy county clerk and deputy district clerk of Dallas County). Whether a person who already serves as deputy tax assessor-collector will be able to meet the work schedule of the court reporter for the county court is a fact question to be considered by the county judge in making the appointment and not a legal question to be addressed in an attorney general opinion.

You ask whether your county personnel policy will be violated if one person holds both positions. Since this question is premised on a conclusion that a county court reporter must serve as a full-time employee, we need not address it. But see Attorney General Opinions JM-440 (1986); JM-182 (1984) (commissioners court may not set hours for employees of other county officers).

## S U M M A R Y

Article XVI, section 40, of the Texas Constitution does not prohibit one person from serving as deputy tax assessor-collector of Rockwall County and court reporter of the Rockwall County Court. The position of official court reporter of the county court is not legally required to be a full-time position.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General