R. E. WITCHER v. J. A. WILES ET AL.

Decided June 13, 1903.

**School Land—Abandonment—Bond for Title—Sale.**

A sale of school land by bond for title which provided that the obligor should continue to occupy the land for the full term of three years and at its expiration should convey to the obligee by a sufficient school land deed, did not constitute an abandonment where the obligor never surrendered the possession under the bond, but continued his occupancy on part of the survey and still received rent from the obligee under a lease executed prior to the bond.

Appeal from the District Court of Childress. Tried below before Hon. G. A. Brown.

*E. E. Diggs,* for appellant.

*W. B. Howard* and *Q. S. Barrett,* for appellees.

SPEER, ASSOCIATE JUSTICE.—The award of the land in controversy to appellee Bayless must be sustained. His applications for the survey, and to purchase, being regular, and all other requirements of the law having been fully complied with, he was entitled to the award, and his right was superior to that of Cawthon, under whom appellant claims, for the reason that said Cawthon was never an actual settler upon the land. The land not being detached land, the purchaser under the acts of 1900 and 1901 must be held to a compliance with the conditions of actual settlement. See Act Feb. 23, 1900, Gen. Laws 26th Leg., pp. 32, 33; Amendatory Act April 15, 1901, Gen. Laws 27th Leg., p. 254.

This, then, brings us to a consideration of the more important question in the case, of what effect, if any, is to be given to the following instrument executed by Bayless to appellee Wiles, to wit:

"The State of Texas, County of Childress. Know all men by these presents, that I, W. H. Bayless, of the county of Childress and State of Texas, am held and firmly bound to J. A. Wiles, of the county of Childress and State of Texas, in the sum of five hundred dollars to be paid to J. A. Wiles, his executors, administrators or assigns, to the payment whereof I bind myself, my heirs, executors and administrators firmly by these presents. Dated Feb. 24, 1902. The condition of the above obligation is that whereas the above bound W. H. Bayless has this day sold to the said J. A. Wiles, his heirs and assigns forever, the following described real estate, lying and being in the county of Childress and State of Texas, to wit: one hundred and twenty-seven and one-tenth acres off of the south part of survey 25, block T, in Childress County, Texas, awarded to W. H. Bayless, and containing 285.7 acres, and more fully described in the county surveyor's records of Childress County as the survey of S. Cawthon as a homestead. The consideration paid for said land is as follows to wit: two hundred and fifty dollars

. cash in hand, the receipt of which is hereby acknowledged. Now if the said W. H. Bayless shall make or cause to be made to the said J. A. Wiles, his heirs, assigns or legal representatives, two years and ten months from this date, or after proof of three years occupancy has been made by said W. H. Bayless and accepted at the General Land Office, a good and valid school land title to said premises, then this obligation shall be null and void, otherwise it shall remain in full force and effect. · .

"Witness our hands this 24th day of February, 1902. ' W. H. Bayless, J. A. Wiles."

The application of Bayless to purchase, and the award of the Commissioner thereon, were made on November 21, 1901; and it is contended that since Wiles has made no application to purchase the land, nor in any other way sought to have himself substituted as purchaser, the execution of the above instrument operated as a complete abandonment of the land upon the part of Bayless, and that the same was immediately again upon the market for sale under the Act of April 19, 1901 (Gen. Laws 27th Leg., p. 294), and that it should have been awarded to appellant upon his applications of date March 28, 1902, and April 26, 1902, he being at the time qualified in every respect to purchase and his applications being in all respects sufficient.

The testimony was to the effect that the instrument showed the real transaction between the parties, and that the consideration named was paid. It further showed that prior to the execution of the bond for title Bayless had leased the land to Wiles at 10 cents per acre per year reserving the right to use the same for the pasturage of his own stock, and had never surrendered the possession of the land to Wiles under the bond for title, but was still receiving rent under the lease contract and was still pasturing the land jointly with Wiles, and was still residing and making his home upon another part of the 285.7 acres awarded to him of which the land in controversy is a part.

The Act of April 19, 1901, above cited, provides: "If any purchaser shall fail to reside upon and improve in good faith the land purchased by him as required by law, he shall forfeit said land and all payments made thereon to the State, to the same extent as for the nonpayment of interest, and such land shall be again upon the market as if no such sale and forfeiture had occurred, and all forfeitures for nonoccupancy shall have the effect of placing the land upon the market without any action whatever on the part of the Commissioner of the General Land Office."

It has been held that this act does not apply to sales under prior acts (Bates v. Bratton, 96 Texas, 279, 72 S. W. Rep., 157); but treating the purchase of Bayless as one under this act, still we do not think the facts show an abandonment of the land. The contract between himself and Wiles contemplates that Bayless will continue to occupy the land in compliance with law for the full period of three years, at the end of which time he will make a sufficient school land deed conveying the

property to Wiles. The Legislature has never seen fit to proscribe such contracts, and the courts can not do so. Abandonment is a question of fact, to be determined from all the circumstances in evidence, and in this connection it is proper to consider such a contract and to give to it such weight as it is entitled to in view of all the other facts in evidence. This was done in the trial court, and the question of abandonment resolved against appellant, and we can not say that in this the court erred.

The judgment is affirmed.

*Affirmed.*