## GLENN v. TOWN OF TRENTON.
### (No. 2819.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 15, 1923.)

1. Municipal corporations ⟨⟩183(4)—Statute relating to change of compensation during term of office held inapplicable.

Rev. St. art. 816, relating to change of compensation of city officers during term of office, has no application to a marshal who has not qualified through failure to file bond as required by articles 1054 and 1055, and whose salary is reduced during his term of office, and part of whose duties are transferred to another.

2. Municipal corporations ⟨⟩183(4)—De facto officer not entitled to compensation for services not rendered.

Where board of aldermen, under Rev. St. art. 1056, agreed, before term began, to pay marshal $20, in addition to fees provided for by law, for performance of certain duties, but later reduced his salary $20 and transferred such duties to another, marshal, who had not qualified, was not entitled to such additional compensation after transfer of duties, since the general rule, holding valid the acts of de facto officers, has no application when compensation is sought for services not rendered.

Appeal from Fannin County Court; A. P. Bolding, Judge.

Action by D. H. Glenn against the Town of Trenton. From a judgment for defendant, plaintiff appeals. Affirmed.

Fred S. Rogers and Thos. P. Steger, both of Bonham, for appellant.

Wheeler & Leslie, of Bonham, for appellee.

HODGES, J. The town of Trenton was incorporated under the provisions of chapter 14, title 22, of the Revised Civil Statutes, relating to the incorporation of towns and villages. In January, 1921, the board of aldermen orally agreed, at a regular meeting, to pay the city marshal the sum of $20 a month in addition to the fees provided for by law. No record was ever made of that action. At that time the office of city marshal carried with it the duties of superintending the roads, streets, and bridges of the town. In April, 1921, an election was held at which the appellant, Glenn, was elected to the office of city marshal. In assuming the duties he took the oath as required by law, but never gave the required bond. However, he entered upon the duties of the office, performing the usual services, and for two months was superintendent of the roads, streets, and bridges. During that time he drew the $20 per month as part of his compensation. At the end of that two months the board of aldermen, by resolution entered upon the minutes, stopped the payment of that salary to the city marshal and transferred the duties of superintending the roads, streets, and bridges to another person. Thereafter the appellant did not perform any of those duties, and did not collect the $20 per month previously provided for. No ordinance had been adopted prescribing the duties of the city marshal, different from those prescribed in the statute.

The appellant brings this suit to recover the sum of $20 per month for that portion of his term of office when payment was denied him. Upon the facts above stated the trial court concluded that he was not entitled to recover. Article 1054, which is part of chapter 14, title 22, provides that:

"The board [of aldermen] shall prescribe the bonds and security which the marshal and such other officers as may be appointed shall give, which shall be executed and approved by the mayor, before the marshal or other officer shall enter upon the discharge of his duties."

Article 1055 provides that:

"If the bond required in the preceding article is not given within five days after the marshal is elected, or the officer appointed, the board shall have the power to appoint another marshal or officer in the place of the one so elected or appointed."

Article 1056 provides that:

"The marshal shall have the same power within the town that constables shall have with-

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

in their precincts, and shall be entitled to the same fees. He shall discharge all other duties that may be prescribed by the by-laws and ordinances, not inconsistent with the laws of the state, and shall receive therefor such fees as may be fixed by the board."

[1, 2] Appellant contends that, his compensation having been fixed by the board prior to his election, it could not be changed during his term of office. As supporting that conclusion, he refers to article 816, which is a part of chapter 4, title 22, of the Revised Civil Statutes, which relates to the incorporation of cities and towns. We agree with the trial court that this article had no application. It further appears that the appellant never had any legal right to hold the office of marshal and claim the compensation allowed, because he had failed to make the required bond. Any time after five days following his election the city council had a right to appoint another person and to transfer the compensation to such successor. The general rules holding valid the acts of de facto officers have no application, when compensation is sought for services not rendered. The appellant never performed the duties for which the $20 a month had been allowed. Apparently he continued during his term to collect the fees provided for by the statute.

The judgment is affirmed.