Ella KELLNER et al., Appellants,

v.

Alfred BLASCHKE et al., Appellees.

No. 10736.

Court of Civil Appeals of Texas.

Austin.

March 16, 1960.

Rehearing Denied April 20, 1960.

Joe P. Hart, La Grange, W. H. Betts, Hempstead, for appellant.

Armond G. Schwartz, Hallettsville, McGregor, Sewell & Junell, Houston, Charles S. Taylor, Jr., Houston, pro se, for appellee.

ARCHER, Chief Justice.

This is an appeal from an order granting a summary judgment in a will contest proceeding.

G. A. Kellner executed his will on April 21, 1952 by the terms of which he devised all of his property to Mrs. Alfred Blaschke. On April 21, 1952, G. A. Kellner executed an instrument creating a trust for the benefit of himself and Mrs. Alfred Blaschke, naming trustees.

On July 29, 1953, Mathilde Kellner Schley, joined by Chas. H. Schley, Ella Kellner, Robert Kellner, Charles A. A. Kellner, Cora Kellner, a widow; Louise Kellner Streckfuss, a widow; Mrs. Alfred Blaschke, individually and as trustee and devisee in the will of G. A. Kellner, deceased; Alfred Blaschke, individually and as trustee, and Charles S. Taylor, Jr., independent executor under the will of G. A. Kellner, deceased, made an agreement "for good and valuable considerations by each paid to the other, receipt of which is acknowledged, and in consideration of the mutual agreements herein recited" made what was termed a partial partition of the

G. A. Kellner Estate and setting out certain properties so conveyed to the respective makers of the agreement.

Section 8 of the instrument is as follows:

"Charles S. Taylor, Jr., one of the three Trustees in the 'Trust Deed and Agreement' mentioned in Paragraph 2–B above, has now resigned as such Trustee and has conveyed to Mrs. Alfred Blaschke any and all right, title and interest which he as Trustee heretofore held; and any and each reference to 'the Trustees' and to 'the Three Trustees' in this instance shall be and refer to the Trustees in said 'Trust Deed and Agreement' except the said Charles S. Taylor, Jr.

"Contemporaneously with the execution of said 'Trust Deed and Agreement' the said G. A. (Adolph) Kellner executed a will, revoking all prior wills and devising all of his property and estate to the said Mrs. Alfred Blaschke and therein designated and appointed Charles S. Taylor, Jr., as Independent Executor. The said Alfred Blaschke and wife, Mrs. Alfred Blaschke, individually and as Trustees, as aforesaid, and Charles S. Taylor, Jr., covenant and agree that they will file said will of G. A. (Adolph) Kellner for probate and that the said Mr. and Mrs. Alfred Blaschke, in the capacities aforesaid, Mrs. Alfred Blaschke, as devisee in said will, and said Independent Executor of the Estate of G. A. (Adolph) Kellner would execute and will receive the respective instruments as herein provided for execution and receipt by said Blaschkes and the Trustees, so that this agreement and the other instruments, as herein mentioned and provided for, shall be binding upon and inure to the benefit of all of the parties herein mentioned in their several capacities referred to and to the benefit of and binding upon the successors and assigns of each. It is agreed that the Executor shall

pay the legitimate, valid and subsisting indebtedness, if any, owed by the said G. A. Kellner at the time of his death, when claims for such debts properly sworn to and presented to Executor in due course of administration are allowed, but the said Executor does not waive any legal or equitable defense that may be set up against said claim and indebtedness. That he will take such steps and acts, if any, as may be required with reference to Estate and Inheritance Taxes, if any, in connection with and by reason of the death of said G. A. Kellner."

Section 10 reads:

"This instrument and the agreements herein recited, and the instruments as herein provided for, shall each inure to the benefit of and be binding upon the respective parties hereto in their several recited capacities and to and upon the respective heirs, executors, administrators, successors and assigns of each; and execution and delivery of the several instruments, as hereinabove provided, shall not supersede this instrument and the agreements and obligations herein recited, but same shall remain in full force and effect."

On September 10, 1953, the parties to the July 29, 1953 agreement above referred to, executed a deed of conveyance between themselves as to certain properties and referred to the July 29, 1953 partition agreement and to the will of G. A. Kellner and to the probate thereof.

Paragraph V of such instrument is as follows:

"This instrument and the conveyances and agreements herein recited, shall inure to the benefit of and be binding upon the respective parties hereto in their several recited capacities and to and upon the respective heirs, executors, administrators, successors and assigns of each; and execution and delivery hereof shall not

supersede the above mentioned instrument of July 29, 1953, nor the agreements and obligations therein recited, but same shall remain in full force and effect."

This suit was instituted as a contest of the will of G. A. Kellner contending that Mr. Kellner on April 21, 1952, was of unsound mind, and without sufficient mental capacity to understand the nature, consequences and effects of the purported will, and that such will was not his will and if in fact it was executed his action in so doing was brought about by undue influence of Alfred Blaschke and Mrs. Alfred Blaschke and Charles S. Taylor, Jr., and the case was disposed of by summary judgment.

The appeal is founded on twelve points assigned as error by the trial court in holding that appellee's pleadings were sufficient to support estoppel by deed; in holding that the partial partition by appellants and appellees of properties owned by G. A. Kellner estopped appellants as a matter of law from challenging the validity of a purported will of G. A. Kellner; in holding that the defense of equitable estoppel was sufficiently alleged and established as a matter of law; in sustaining appellees' Special Exceptions Nos. 1, 2, 3, 4, 5 and 6 and striking them from the affidavit of Ella Kellner made a part of appellants' reply to appellees' motion for summary judgment. The parts of the affidavit stricken were to the effect that the probating of the will was not done by reason of the partition agreement and that the defendants knew that G. A. Kellner did not have sufficient mental capacity to make a will; that no consideration was received by plaintiffs for the execution of the documents dated July 29, 1953 and September 10, 1953; that the sole reason for probating the purported will was because the bank required it and that the only reliance of any kind ever placed on the above mentioned instruments was to obscure the mental incapacity of and undue influence imposed on G. A. Kell-

ner by the defendants, and finally in granting the summary judgment.

Appellees take the position that the sole question involves the applicability of the well established principle of equitable estoppel as a bar to contest the will or attack its validity.

We believe that the order of the District Court granting the summary judgment was proper and that the judgment of the trial court should be affirmed. Rule 166–A, Texas Rules of Civil Procedure; Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Stafford v. Wilkinson, 157 Tex. 483, 304 S.W.2d 364, loc. cit. 367(4, 5).

As has been noted G. A. Kellner executed the deed of trust on April 21, 1952, the same day the will was executed, and died May 28, 1953. His will was admitted to probate on August 24, 1953 and there was no contest made at that time, but appellants filed the contest in the County Court approximately three years later.

Appellees filed answers of general denial and special pleas of estoppel and laches. In the plea of estoppel, appellees alleged the several instruments above referred to, the will and the probate thereof and that the will and the trust agreement were specifically recognized in the deed dated September 14, 1953.

Further allegations in support of the plea of estoppel were the payment of court costs, attorney's fees and inheritance taxes.

The appellees were successful in the County Court and judgment was entered in favor of appellees.

Appellants appealed to the District Court for trial *de novo*. In appellants' pleadings in the District Court it was alleged that G. A. Kellner was of unsound mind on the date the purported will was executed and was unduly influenced to sign the will if he did, by Mrs. Alfred Blaschke, and went into great detail as to the mental condition of G. A. Kellner and of the activity of Mrs. Blaschke as relating to Mr. Kellner.

The defendants, Mr. and Mrs. Blaschke, filed their answer, consisting of a general denial, plea of estoppel and the written agreement dated July 29, 1953, the actions of plaintiffs, and a plea of laches, and filed motion for summary judgment and recited and attached copies of the prior pleadings and judgment of the County Court. Supporting affidavits and the several documents and the pleadings and depositions of J. J. Bucek and Eddie Sterling, Jr. were also attached and alleged that as a matter of law the special plea of estoppel established that the will was signed.

The affidavit of Charles S. Taylor, Jr. stated that the affiant was acquainted with G. A. Kellner and was familiar with the contents of his last will and testament and that he prepared the will and deed of trust and agreement and that the will and the trust deed were executed by G. A. Kellner on April 21, 1952. Affiant identified the will and the trust agreement. Mr. Taylor said he saw no need to file the will for probate and so informed Mrs. Blaschke and her attorney, H. R. Clark, but did file and probate the will because of the overall agreements between the parties and that he relied thereon; that he had no knowledge that any contest would be made or claims that the will was invalid.

Mrs. Blaschke, by her affidavit in support of the motion, stated that she was acquainted with all the parties in the proceedings and that she executed the instrument dated July 29, 1953; that in accordance therewith she requested Mr. Taylor to file the will for probate and further that the will was probated, inventory filed, costs paid, inheritance taxes paid as well as estate taxes out of her personal funds as were attorneys' fees. The affiant said she relied on the representations and actions of the plaintiffs and assumed that the will would not be contested. Alfred Blaschke in an affidavit recited the several executed instruments and résumé of the Kellner family, the execution and probate of the will and had attached to his affidavits each of the several instruments executed by the parties.

Appellants filed special exceptions to the motion for summary judgment which were overruled.

The affidavit of Ella Kellner attached to the reply stated in brief that none of the plaintiffs requested the preparation of the instrument dated July 29, 1953, or requested the entry of the judgment probating the will, but such was done at the direction of the Bank in order to collect an item of gas rental, and that all of the defendants knew that G. A. Kellner was of unsound mind on the date the will was signed, and that no consideration was received by the plaintiffs for the execution of the said instrument, and that all taxes paid were out of the funds of G. A. Kellner.

Ella Kellner executed an amended affidavit substantially the same as the first affidavit, to which special exceptions were made and sustained and will be considered subsequently in this opinion.

After careful consideration of all the pleadings and the several instruments hereinabove referred to and the actions of the plaintiffs in connection therewith, we believe that plaintiff, appellants herein, are estopped to contest the will of G. A. Kellner or to attack its validity.

Page, The Law of Wills, Sec. 621, p. 173:

"Parties who would ordinarily have a right to contest a will may, however, have so acted to estop themselves from contesting its validity. The general and well recognized principles of the law of estoppel are applicable to such cases; and need no discussion further than an illustration of their application to the facts which arise on contest."

Sec. 623, p. 179:

"Conduct which is inconsistent with the theory that the will is invalid, or which misleads other parties, operates as an estoppel."

57 Am.Jur. 543, Sec. 802:

"Without question, there may be an estoppel to contest a will."

Page in his text on pages 173–174 points out that all of the technical elements of a true legal estoppel need not be present, citing, for example, cases where contestants are barred from contesting a will because of contracts, on valuable consideration, not to contest. Such contracts, he points out, are valid and enforceable and are said to work an "estoppel or quasi estoppel," although "a contract of this sort may not be a true illustration of estoppel * * *" 28 A.L.R.2d 122 and Fore v. McFadden, Tex.Civ.App., 276 S.W. 327 (wr. dism.); Everett v. Everett, Tex.Civ.App., 309 S.W. 2d 893, er. ref., n. r. e.

The facts in the Everett case are very similar to those in the instant case. Judge Hale, writing for the Court, went into considerable detail concerning agreements to withhold from or to offer for probate wills, and cites many authorities, and held that the will was properly admitted to probate in accordance with the terms of the written agreement.

This Court in Von Koenneritz v. Hardcastle, Tex.Civ.App., 231 S.W.2d 498, er. ref., n. r. e., held as a matter of law that a contestant was estopped to assert invalidity of a will. See also Kelley v. Peters, 1937, 299 Mass. 166, 12 N.E.2d 184; Jones v. Jones, Tex.Civ.App., 301 S.W.2d 310, er. ref., n. r. e.

We believe that appellants have acquiesced in the terms of the will and in its validity, and are estopped to question the validity of the will. Page, The Law of Wills, Sec. 624, announces the principle of estoppel as follows:

"Conduct which is inconsistent with the theory that the will is invalid, or which misleads other parties, operates as an estoppel. A party of full age and sound mind who brings a suit to have a will construed, or who puts a practical construction upon the will, without bringing suit, or who brings proceedings to partition the property on the theory that the will is valid, or who

makes a contract with the devisee for buying property which such devisee took under the will, is estopped from claiming, at a later time, that the will is invalid, and accordingly is estopped from contesting the will."

In the instrument dated June 26, 1953, executed by all of the appellants, Mrs. Blaschke is referred to as "sole beneficiary of the estate of G. A. Kellner, deceased, and grantee in a trust deed and agreement executed by G. A. Kellner * * *" In the agreement dated July 29, 1953 Mrs. Blaschke is designated "as devisee in said will" and obligated to execute "as devisee" the instruments which were executed in September, 1953. In the deed dated September 14, 1953, and the bill of sale of the same date, Mrs. Blaschke is recognized by appellants as "sole beneficiary of the estate of G. A. Kellner, deceased." There can be no question of forgery since it was established beyond dispute that the will was not a forgery. No denial is made that Mr. Kellner signed the will.

The questions of undue influence and no consideration are raised only by the statement of Ella Kellner in an affidavit. Each of the several instruments herein above referred to recite a good and valuable consideration.

The rule is that stated in 95 C.J.S. Wills § 325, p. 163, as follows:

"Termination of family controversies by compromise and settlement, and the avoiding of, or forbearance from making a contest of the will, furnishes a sufficient consideration to support an agreement entered into for that purpose, except as to a party thereto who is not a person in interest."

The law favors the settlement in good faith of will contests by a so-called "family settlement." Stringfellow v. Early, 1897, 15 Tex.Civ.App. 597, 40 S.W. 871 (dism.)

We do not believe that cases cited by appellants are controlling. Campbell v. Camp-

bell, Tex.Civ.App., 215 S.W. 134, er. ref. concerned the question of election by a widow. Moore v. Martin, Tex.Civ.App., 273 S.W. 961, er. ref., involves the question of an election by a widow who had been with her husband just before and after making a will. The Court held that there was no showing that the widow did anything which affected an election on her part.

Mason & Mason v. Brown, Tex.Civ.App., 182 S.W.2d 729, 733, er. ref., w. o. m., deals only with the question of "estoppel by election."

In Hamilton v. Hamilton, 154 Tex. 511, 280 S.W.2d 588, the question was the right to enforce a contract between the plaintiff's father and mother, in which they agreed to will to the plaintiff all property owned by them at death, and the court held that the son was not estopped to enforce the original contract.

We do not believe that appellees abandoned the issue of estoppel.

In Aven v. Green, Tex.Sup., 320 S.W.2d 660, 661, it was held:

"The proper test in such cases in determining the issue of abandonment for the purposes of appeal under Section 28 of Texas Probate Code is not whether a proponent made out or proved a prima facie case in the probate court or whether particular evidence offered by him is in legal effect incompetent. Rather, it is whether a proponent actively attempted to support his application. * * *"

■ We do not believe that the trial court erred in sustaining appellee's Special Exceptions Nos. 1, 2, 3, 4, 5 and 6, respectively, to portions of the affidavit of Ella Kellner attached to appellant's reply to motion for summary judgment. Special Exception No. 1 was directed to a statement in the affidavit that the procurement of the entry of the order probating the will was not due by reason of the instrument dated July 29, 1953, or anything contained therein, but only for the purpose of collecting an item of money due on an oil and gas lease. The exception was that the statement was a mere conclusion and an opinion of the affiant relating to the motives or state of mind of the defendants in procuring the order probating the will.

■ Special Exception No. 3 was directed to the statement by Ella Kellner in her affidavit that no consideration was received by the plaintiffs for the execution of the July 29, 1953 or the September 10, 1953 instruments, because such statement is a conclusion and opinion of the affiant, and because the instruments recited the receipt by appellants of "good and valuable consideration."

■ Special Exception No. 4 was directed to the statement "that the defendants herein, nor any of them, paid any estate or inheritance taxes * * *" and was because such statement was a conclusion and opinion of affiant. With respect to defendants' reliance on the instruments Special Exception No. 5 is directed to the statement in Ella Kellner's affidavit to the effect that the sole reason and purpose for probating the will was because the Bank required it to be done because such statement is a conclusion and opinion of the affiant, and inadmissible to modify the written agreement dated July 29, 1953, wherein affiant agreed and required that the will be probated.

■ Special Exception No. 6 was directed to a statement in the affidavit of Ella Kellner to the effect that the only reliance ever placed on the said instruments was as a screen to obscure the truth of the mental incapacity and undue influence imposed on G. A. Kellner in procuring the instrument of April 21, 1952, the exception was that such statement constituted a mere conclusion and opinion of affiant.

The affiant would be precluded from testifying to such conclusions under Article 3716, Vernon's Ann.Civ.St.; Johnson v.

Poe, Tex.Civ.App., 210 S.W.2d 264, er. ref., n. r. e.

Our opinion would be the same had no exception been made or sustained because even though we consider the stricken matter, we believe estoppel to deny validity of the will is shown as a matter of law.

The judgment of the trial court is affirmed.