

# THE ATTORNEY GENERAL
## OF TEXAS

December 2, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Bob Bullock
Comptroller of Public Accounts
L.B.J. State Office Building
Austin, Texas  78774

Opinion No.  JM-989

Re: Whether the Comptroller may pay the salary of a visiting judge who has been improperly appointed (RQ-1494)

Dear Mr. Bullock:

You ask whether the Comptroller of Public Accounts  may lawfully pay the salary of a visiting judge who was appointed to  preside over  a  case without  all of  the  statutory formalities for that appointment having been fulfilled.

Your question appears to have been prompted by a recent opinion of the Supreme Court  of Texas in State v.  Preslar, 751 S.W.2d 477 (Tex. 1988).  Insofar as is pertinent to your inquiry, Preslar held that the Chief Justice of the  Supreme Court of Texas lacks the authority to assign a retired judge to sit as a visiting judge within the administrative  region of his residence absent the special circumstances enumerated in section 74.049 of the Government Code.[1]

---

1.  Section 74.049 provides:

The chief  justice may  make  assignments within an administrative region and  perform the other duties of a presiding judge in the following situations:

(1)  on the death  or resignation of  the presiding  judge  and  until  a  successor presiding judge is appointed;

(2)  on notification to the chief justice by the presiding judge or other  appropriate source that an  absence, disabling  illness, or other incapacity  of the presiding  judge

(Footnote Continued)

In <u>Preslar</u>, the question of payment of the visiting judge for services rendered, if any, was not an issue. The question before the court arose in an original mandamus proceeding challenging the authority of the Chief Justice of the Supreme Court to assign a retired judge to sit as a visiting judge within the administrative region where he resides.

A de facto officer may recover compensation for services rendered. <u>Harris County v. Hunt</u>, 388 S.W.2d 459, 465 (Tex. Civ. App. - Houston 1965, no writ); 60 Tex. Jur. 3d <u>Public Officers and Employees</u> § 257. On the other hand, a de facto officer may not recover compensation for services not rendered. <u>Glenn v. Town of Trenton</u>, 256 S.W. 631 (Tex. Civ. App. - Texarkana, 1923, no writ).

While you do not state what statutory formalities were omitted in the appointment of the visiting judge, we believe the guidelines set forth in the following authorities will be of assistance to you in determining whether the visiting judge has served in a de facto posture and is entitled to be paid for services rendered.

The policy underlying the doctrine of de facto officers was stated in <u>French v. State</u>, 572 S.W.2d 934, 935 (Tex. Crim. App. 1978, no pet.).

> The doctrine of officers de facto was created as a matter of public policy to protect both an officer appointed by some power having 'color' of authority to appoint him and the public relying on the validity of that appointment.

In Attorney General Opinion JM-874 (1988) the matter of the validity of the actions taken by a commissioner during

---

(Footnote Continued)

> prevents the judge from performing his official duties for a period of time and until the presiding judge is again able to perform the duties; and
>
> (3) in a particular matter in which the presiding judge disqualifies himself from performing the duties of presiding judge in that matter. (Emphasis added.)

the tenure of an appointee member subsequently found ineligible was addressed, as follows:

> A de facto officer is one who, by his acts, has the appearance of holding the office he has assumed, but who in fact does not validly hold the office. <u>Germany v. Pope</u>, 222 S.W.2d 172, 176 (Tex. Civ. App. - Fort Worth 1949, writ ref'd n.r.e.); <u>City of Christine v. Johnson</u>, 255 S.W. 629 (Tex. Civ. App. - San Antonio 1923, no writ). The designation of 'de facto officer' may attach to one who holds office under color of an appointment that is subsequently invalidated on the grounds that the appointee was ineligible. <u>Norton v. Shelby County</u>, 118 U.S. 425, 446 (1886); <u>Ex parte Tracey</u>, 93 S.W. 538, 542 (Tex. Crim. App. 1905). Acts performed by a de facto officer under color of office are considered valid. <u>Norton v. Shelby County</u>, 118 U.S. at 441-42; <u>Germany v. Pope</u>, 222 S.W.2d at 176. See <u>generally</u> 39 Tex. Jur. 2d <u>Municipal Corporations</u> § 144 and cases cited therein; 67 C.J.S. <u>Officers</u> §§ 269-70.

> Here, as in <u>Vick v. City of Waco</u>, [614 S.W.2d 861, Tex. Civ. App. - Waco 1981, writ ref'd n.r.e.] the challenged officers were acting under color of authority. Thus, each was a de facto officer, and 'as such his acts are as binding as though he was an officer de jure.'[2] <u>Shriber v. Culberson</u>, 31 S.W.2d 659, 661 (Tex. Civ. App. - Waco 1930, no writ).

Attorney General Opinion JM-874 (1988) at 2, 3.

"Color of authority" as applied to de facto officers, "is authority derived from an election or appointment,

---

2. De jure is defined in Black's Law Dictionary 382 (5th ed. 1979) as:

> Descriptive of a condition in which there has been total compliance with all requirements of law. Of right; legitimate; lawful; by right and just title. In this sense it is the contrary of <u>de facto</u>.

P.2d 901 (Wash. 1942); see cases cited at 7A Words and Phrases 300.

Before an officer can be regarded as a de facto officer, there must be an office that he or she could hold de jure. City of Dallas v. McDonald, 103 S.W.2d 725 (Tex. 1937). Section 75.002 of the Government Code authorizes the assignment of a judge who has retired pursuant to section 75.001 of the Government Code to sit on any court of the state of the same or lesser dignity as that on which the person sat before retirement. Section 74.057 of the Government Code provides that the chief justice may assign judges (active or retired) of one or more administrative regions for service in other administrative regions. The presiding judge of an administrative region is authorized to assign judges (active or retired) to hold special or regular terms of court in any county within the administrative district pursuant to the provisions of section 74.056 of the Government Code. A judge assigned under any of the foregoing provisions "has all the powers of the judge of the court to which he is assigned." Gov't Code § 74.059. Clearly, a judge serving in another court pursuant to assignment occupies a position or office that he or she could hold de jure. While the assignment of a judge to sit in a court may not in the strictest sense of the term constitute an appointment to an office, no reason is perceived why the rationale underlying the law relative to de facto officers is not applicable.

While we cannot envision every scenario which might arise where there is a departure from statutory assignment requirements, we believe that any judge (active, or retired pursuant to section 75.001 of the Government Code) assigned under the color of authority to a court existing under the laws of this state is entitled to be compensated for services rendered while sitting on that court.

In Preslar the court further held that the 1987 amendment to section 74.053 of the Government Code did not repeal subsection (b) which provides "[i]f a party to a civil case files a timely objection to the assignment, the judge is disqualified to hear the case." While your scenario does not include this factor it is noted that in the event of objection by either party the holding in Preslar would dictate that the judge is disqualified and would not be entitled to further compensation for services rendered following such disqualification.

## S U M M A R Y.

The Comptroller of Public Accounts may lawfully pay the salary of a visiting judge (active, or retired pursuant to section 75.001 of the Government Code) assigned under the color of authority to a court existing under the laws of this state for services rendered while sitting on the court to which he or she has served pursuant to such assignment. In the event either party to a civil case files an objection to the assignment, the judge is disqualified under section 74.053(b) of the Government Code and is not entitled to compensation for any services that may be rendered following disqualification.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General